UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alexander Gomez,

Plaintiff,

vs.

Schuman 673/14 LLC and Prime No 7 NYC LLC,

Defendants.

# COMPLAINT

Plaintiff, ALEXANDER GOMEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, SCHUMAN 673/14 LLC and PRIME NO 7 NYC LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 34-19 Steinway Street, Astoria, NY 11101 doing business as "PRIME NO. 7" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, ALEXANDER GOMEZ, is over the age of 18, *sui juris*, and a resident of Bronx County, New York. Plaintiff suffers from a spinal cord T-12 injury, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, SCHUMAN 673/14 LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, SCHUMAN 673/14 LLC, is the owner of the Subject Premises.

**6.** Defendant, PRIME NO 7 NYC LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district, and, on information and belief, is the owner/operator of the restaurant "PRIME NO. 7" located at the Subject Premises.

**7.** PRIME NO. 7 is a Korean barbecue and sushi restaurant offering a variety of Korean and Japanese cuisine, including grilled meats, Korean barbecue specialties, sushi, sashimi, and other food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. PRIME NO. 7 is located at 34-19 Steinway Street in Astoria, Queens, along a commercial corridor containing numerous restaurants, cafés, neighborhood shops, and other retail and service-oriented businesses. The Plaintiff appreciates the Korean barbecue and sushi offerings and the dining experience provided at PRIME NO. 7, as well as the opportunity to patronize the restaurant while shopping and conducting other business in the surrounding Astoria area. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in

violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**8.** Most recently on or about September 19, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**9.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**10.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**11.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**12.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**13.** The Subject Premises, as a public accommodation and service establishment, is

required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**14.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**15.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**16.** Most recently on or about September 19, 2026, Plaintiff accessed the Subject Premises but was unable to do so equally due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**17.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**18.** Plaintiff has family members, including cousins, who reside in the Astoria area of Queens, New York. Plaintiff regularly spends time with his cousins and frequently stays at their residence approximately three days per week. During these visits, Plaintiff and his family members regularly spend time together in the surrounding Astoria neighborhood, particularly in areas containing numerous restaurants, bars, lounges, and other establishments offering dining, entertainment, and recreational opportunities. Plaintiff enjoys spending time in this area because of its variety of establishments and its convenient proximity to his cousins' residence.

**19.** Plaintiff regularly frequents the Astoria area at least twice per week to dine,

socialize, and spend time with family members. PRIME NO. 7 is located approximately thirteen minutes from his cousins' residence, making it a convenient dining destination during his frequent stays in the neighborhood. Plaintiff appreciates the Korean barbecue, sushi, and other dining options provided at PRIME NO. 7 and is interested in patronizing the restaurant while spending time with his family and enjoying the surrounding neighborhood.

**20.** On or about September 19, 2026, Plaintiff personally visited and entered the Subject Premises with the intent to access and enjoy the goods and services offered by PRIME NO. 7. During his visit, Plaintiff encountered architectural barriers that interfered with his ability to independently and equally utilize the restaurant's dining facilities and other accommodations. These barriers restricted his ability to fully enjoy the dining experience available to customers without disabilities and caused him difficulty accessing and utilizing the Subject Premises in his wheelchair.

**21.** Plaintiff remains interested in returning to PRIME NO. 7 to dine and socialize with his family members. Because Plaintiff regularly stays with his cousins approximately three days per week and frequents the surrounding Astoria area at least twice per week, he has frequent and ongoing opportunities to return to the Subject Premises. Plaintiff intends to return to PRIME NO. 7 as soon as the architectural barriers are removed and the restaurant is made accessible to individuals who use wheelchairs. His intent to return is genuine, concrete, and ongoing, particularly given his established pattern of spending time in the immediate vicinity of the Subject Premises.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**22.** Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

**23.** Defendants, SCHUMAN 673/14 LLC and PRIME NO 7 NYC LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**24.** SCHUMAN 673/14 LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**25.** PRIME NO 7 NYC LLC, who on information and belief, is the owner and/or operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**26.** Plaintiff personally visited and entered the Subject Premises and encountered architectural barriers that interfered with his ability to independently and equally access the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified

herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**27.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Dining Areas**

**i. Self-Service BBQ Grill Dining Tables Lack Required Accessible Seating.**
The restaurant does not provide the required minimum number of accessible self-service BBQ grill dining tables. The existing dining tables do not provide sufficient accessible seating spaces for wheelchair users, preventing Plaintiff from enjoying the restaurant's dining services in a manner comparable to other customers. These conditions violate ADAAG §§ 4.1.3(18) and 4.32 and the 2010 ADA Standards §§ 226.1 and 902. Relocating or modifying existing dining tables, or providing additional accessible dining surfaces, to ensure that at least five percent of the dining spaces are accessible is readily achievable.

**ii. Self-Service BBQ Grill Dining Tables Lack Required Knee and Toe Clearance.**
The self-service BBQ grill dining tables do not provide the required knee and toe clearance beneath the dining surfaces. The table supports and configurations obstruct the space necessary for Plaintiff to position his wheelchair beneath the tables and independently access the dining surfaces. These conditions violate ADAAG § 4.32.3 and the 2010 ADA Standards §§ 306 and 902.2. Modifying or replacing the existing tables to provide compliant knee and toe clearance is readily achievable.

**Bar Area**

**iii. Bar Does Not Provide a Compliant Accessible Dining Surface.**
The bar exceeds the maximum permitted height for an accessible dining surface and does not provide the required accessible portion with sufficient knee and toe clearance. These conditions prevent Plaintiff from positioning his wheelchair at the bar and independently accessing the food and beverage services offered to other patrons. These conditions violate ADAAG §§ 4.32.3 and 4.32.4 and the 2010 ADA Standards §§ 226.1, 902.2, and 902.3. Modifying the existing bar or providing a compliant accessible dining surface with a height between 28 and 34 inches and sufficient knee and toe clearance is readily achievable.

**Men's Restroom**

**iv. Restroom Door Swings Into the Required Lavatory Clearance.**

The men's restroom door swings into the clear floor space required for access to the lavatory. The door's swing obstructs the area necessary for Plaintiff to position and maneuver his wheelchair to independently use the lavatory. This condition violates ADAAG §§ 4.13.6 and 4.22.3 and the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door or modifying its swing to eliminate the obstruction of the required lavatory clearance is readily achievable.

**v. Lavatory Pipes Are Not Properly Insulated.**
The water supply and drain pipes beneath the lavatory are exposed and lack the required protective insulation. Because Plaintiff uses a wheelchair and must position his legs beneath the lavatory, the exposed plumbing creates a risk of contact with potentially hot or abrasive surfaces. This condition violates ADAAG § 4.19.4 and the 2010 ADA Standards § 606.5. Properly insulating or otherwise protecting the exposed plumbing beneath the lavatory is readily achievable.

**Women's Restroom**

**vi. Restroom Door Swings Into the Required Lavatory Clearance.**
The women's restroom door swings into the clear floor space required for access to the lavatory. The door's swing obstructs the area necessary for wheelchair users to position and maneuver their wheelchairs to independently use the lavatory. This condition violates ADAAG §§ 4.13.6 and 4.22.3 and the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door or modifying its swing to eliminate the obstruction of the required lavatory clearance is readily achievable.

**vii. Lavatory Pipes Are Not Properly Insulated.**
The water supply and drain pipes beneath the lavatory are exposed and lack the required protective insulation. The exposed plumbing creates a risk of contact with potentially hot or abrasive surfaces for wheelchair users who must position their legs beneath the lavatory. This condition violates ADAAG § 4.19.4 and the 2010 ADA Standards § 606.5. Properly insulating or otherwise protecting the exposed plumbing beneath the lavatory is readily achievable.

**viii. Water Closet Flush Control is Improperly Positioned.**
The water closet flush control is positioned on the closed side of the toilet rather than the required open side. This positioning interferes with the ability of wheelchair users to independently reach and operate the flush control while seated on the toilet. This condition violates ADAAG § 4.16.5 and the 2010 ADA Standards § 604.6. Relocating or replacing the flush control so that it is positioned on the open side of the toilet is readily achievable.

**28.** Plaintiff has accessed the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff

to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**29.** Plaintiff regularly frequents the Astoria area of Queens, New York, where his cousins reside, and stays at their residence approximately three days per week. Plaintiff visits the surrounding neighborhood at least twice per week for dining, shopping, recreation, and socializing with family members. The Subject Premises is located approximately thirteen minutes from his cousins' residence and is within an area that Plaintiff routinely frequents. Plaintiff intends to return to the Subject Premises as soon as the architectural barriers identified herein are remediated and he can independently access and enjoy the goods and services offered therein.

**30.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**31.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**32.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**33.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**34.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com